UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN R. FRANEK, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-2212 |
| | : |
| CENTRE COUNTY COURT OF | : (Judge Kosik) |
| COMMON PLEAS, et al., | : |
| | : |
| Respondents | |

**O R D E R**

**NOW, THIS 27th DAY OF MARCH, 2007, IT IS HEREBY ORDERED THAT:**

1. Within twenty (20) days of the date of this order, Respondents shall answer the allegations in the petition for writ of habeas corpus.[1] Consistent with Rule 5 of the Rules Governing § 2254 Cases in the United States Courts, the answer shall:

    (a) state whether the Petitioner has exhausted state remedies available under state law with respect to each claim presented, including any post-conviction remedies;

    (b) be accompanied by those portions of any transcripts the

---

[1] Service of the petition and addendum were previously served upon the Respondents. (Doc. 7.) At that time, they were only directed to address the timeliness of the petition in accordance with United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005). The petition has since been found to be timely and now Respondents will be directed to address the grounds raised in the petition. (Doc. 20.)

    Respondents deem relevant to disposing of the claims raised in the petition;

 (c) indicate what other proceedings that might be relevant to the petition have been recorded but have not yet been transcribed;

 (d) be accompanied by copies of any of the Petitioner's briefs on appeal, either from the judgment of conviction or from an adverse decision in a post-conviction proceeding; copies of any opinions of the appellate courts in those proceedings; and any PCRA petitions.

2. Respondent shall file a memorandum of law with the answer. The memorandum shall set forth the relevant facts and procedural history of the case, a recommended disposition of the petition, and citations to pertinent case law.

3. Petitioner shall, if he so desires, file a reply brief within fifteen (15) days of receipt of the Respondent's filings.

4. A determination whether the Petitioner should be produced for a hearing will be held in abeyance pending the filing of Respondent's answer and memorandum of law, and, if any, the Petitioner's reply.

5. Petitioner's Motion Directing Respondents to File a Response (Doc. 22) is **denied as moot**.

6. Petitioner's Motion for Court Order (Doc. 23) is **denied**[2].

        s/Edwin M. Kosik
        United States District Judge

---

[2] In this motion Petitioner requests that the Court place his mother in protective custody so that she can "make uncoerced statements and possibly implicate others that were involved without fear of harm." (Doc. 23.) This motion is denied in that Petitioner's mother is not a party to this action. Further, there is no indication that she is in any need of protection from anyone or unable to pursue relief on her own behalf in the appropriate forum if need be.