UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN R. FRANEK,

    Petitioner,

v.                        : CIVIL NO. 3:CV-06-2212

CENTRE COUNTY COURT OF    : (Judge Kosik)
COMMON PLEAS, et al.[1],

    Respondents.

## MEMORANDUM

I. **Background**

Stephen R. Franek filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 14, 2006. In the petition, he challenges a conviction imposed by the Court of Common Pleas for Centre County, Pennsylvania. He has also filed several addendums to the petition. The procedural history of this case has previously been set forth and will not be reiterated herein. The petition is ripe for consideration, and will be addressed by the court in due course. Also pending on the docket, however, are several miscellaneous motions that will be addressed herein. On

---

[1] As previously stated, the proper respondent in this action is the warden at the State Correctional Institution at Retreat, the state officer who currently has custody of Petition. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

May 26, 2009, Petitioner filed a request for a hearing, counsel and an investigation. (Doc. 59.) On June 17, 2009, he filed an application to proceed in forma pauperis in this action.[2] (Doc. 61.) On July 7, 2009, Petitioner filed a motion for a default judgment and to compel discovery and the scheduling of a discovery planning conference in this case. (Doc. 63.) For the reasons that follow, Petitioner's motions will be denied.

## II. Discussion

### A. Motion for Counsel, a Hearing and an Investigation

In the instant motion Petitioner seeks the appointment of counsel to represent him in this matter. He also requests that a hearing on the petition be held before the court, and that the court conduct a full investigation. Petitioner claims that Respondent, as well as authorities and law enforcement personnel involved with his underlying arrest and trial, have obstructed all of his remedies and engaged in a conspiracy. He further maintains that all of these individuals are long time friends of the victim in the underlying criminal matter of which he has been convicted.

Prisoners have no "automatic" constitutional or statutory right to appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722 (1991). However, a court does have broad discretionary power to appoint

---

[2] This motion is denied as moot in light of the fact that Petitioner previously submitted the required $5.00 filing fee in this matter. (Doc. 5.)

2

counsel to a financially eligible habeas petitioner if "the interests of justice so require. . . ." See 18 U.S.C. § 3006A(a)(2).³ Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

Initially, the court must be convinced that the petitioner has presented a non-frivolous claim. Reese, 946 F.2d at 253-64. If the case is not frivolous, the court must examine whether the appointment of counsel will benefit both the court and the petitioner. Id. at 264. To make this determination, the court must evaluate the legal and factual complexity of the case, as well as the petitioner's ability to investigate facts and present claims. Id. at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622,

---

³ Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

3

626 (9th Cir. 1987).

In the instant action, the court finds that the circumstances existing at this time do not militate in favor of appointment of counsel. Petitioner has demonstrated his capability to present comprehensible arguments and to cite relevant case authority. Investigation of the facts also did not appear to be beyond his capabilities. The legal issues presented in his petition are not overly complicated. Further, the procedural posture of this case does not warrant the appointment of counsel. The petition and lengthy addendums thereto have been prepared and submitted by Petitioner. A response has been filed with voluminous attached exhibits. Petitioner has also filed his traverse. To request the appointment of counsel at this point is not warranted. Based upon the record, at least at this point, Petitioner would suffer no prejudice if he is forced to prosecute this case on his own. Accordingly, the liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with Petitioner's apparent ability to litigate this action pro se, warrant the denial of his request for the appointment of counsel without prejudice.

In addition, any request by Petitioner at this point for the court to conduct an investigation/hearing is premature. The response to the petition and reply thereto have been submitted by the parties. If, after reviewing these documents the court determines that an evidentiary hearing is needed in this case, one would be scheduled. At this juncture, a request for a hearing is premature. Accordingly, Petitioner's

4

motion is denied without prejudice at this time.

## B. Motion for Default and to Compel Discovery/Schedule a Discovery Planning Conference

Petitioner requests the entry of default judgment against Respondent and other individuals because they ". . . have wrongly declared [him] a murderer while it was their manipulation of the events leading to the crime that caused the crime." (Doc. 63 at 1.) Petitioner goes on to argue how Respondent and others were involved in the underlying crime and could have prevented it. Federal Rule of Civil Procedure 55 discusses the issue of default and the circumstances under which an entry of default/default judgment are warranted. A default situation arises when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Petitioner's basis for requesting default on the part of Respondent is clearly without merit.[4]

In addition, Petitioner's request for discovery/the scheduling of a discovery conference will be denied. Although Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254 allows for discovery in a habeas action, leave of court is required and will only be granted where good cause is shown. Reasons must be provided as to why discovery is requested, and the request must include any proposed

---

[4] Further, any argument that the response and appendix thereto were untimely is without merit. Respondent's submissions were timely following the grant of requests for enlargements of time. Even if the response was not timely, it certainly would not result in the grant of the petition merely on that basis.

5

interrogatories and requests for admission, and must specify any requested documents. Petitioner has not provided this information. In addition, Respondent appears to have submitted all of the relevant records in this case. If, in reviewing the record when considering the petition the court finds additional records are necessary, the parties will be so advised. As such, Petitioner's request to conduct discovery in the matter or schedule a discovery conference before the court is denied. An appropriate order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN R. FRANEK,

    Petitioner,

v.                                       CIVIL NO. 3:CV-06-2212

CENTRE COUNTY COURT OF     (Judge Kosik)
COMMON PLEAS, et al.,

    Respondents.

## ORDER

**NOW, THIS** 20th **DAY OF NOVEMBER, 2009,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Motion to Appoint Counsel and Motion for Hearing (Doc. 59) are **denied without prejudice.**

2. Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 61) is **denied as moot.**

3. Petitioner's Motion to Compel Discovery and Motion for Default Judgment (Doc. 63) is **denied.**

_____
EDWIN M. KOSIK
United States District Judge